IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 13 |
| CONNIE SUE TAYLOR, | * | |
| Debtor | * | |
| | * | |
| MARIE R. BUCKLEY, | * | Case No. 1-07-bk-03120MDF |
| Plaintiff | * | |
| | * | |
| vs. | * | Adv. No. 1-07-ap-00168 |
| | * | |
| CONNIE SUE TAYLOR, | * | |
| Defendant | * | |
| | * | |

## OPINION

Before me is a motion to dismiss the above-captioned adversary complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Motion will be granted in part and denied in part.

Connie Sue Taylor ("Debtor") filed her bankruptcy petition on October 2, 2007. Debtor listed in her schedules an unsecured, disputed debt in an estimated amount of $50,000.00, which she described as a "pending lawsuit" by a creditor identified only as "Buckley." No address or other identifying information was provided for the creditor. On December 11, 2007, Marie R. Buckley ("Buckley") filed the instant adversary case under 11 U.S.C. § 523(a)(6) and § 1328(a)(4).[1] In her complaint, Buckley alleges that on or about November 25, 2005, Debtor struck Buckley and inflicted serious bodily injury. Thereafter, Buckley filed a civil complaint in

---

[1] Section 523(a)(6) does not provide a basis for relief for Buckley in this case. Debts excepted from discharge under § 523(a) may be discharged in chapter 13 unless expressly excluded from discharge in § 1328(a)(2). Section 523(a)(6) provides a broader exclusion from discharge than § 1328(a)(4) and is not incorporated into §1328(a)(2). Therefore, Debtor's motion to dismiss will be granted to the extent that the complaint relies on § 523(a)(6).

1

state court against Debtor seeking damages for her alleged injuries. After the alleged attack, but before the complaint against Debtor was tried in state court, Debtor filed her petition in bankruptcy. Buckley alleges that any claim that will be determined by a judgment in her favor in state court is non-dischargeable because the award arises from personal injuries she suffered as a result of Debtor's willful and malicious action. Damages as a result of "willful or malicious injury that cause personal injury or death" are preserved from discharge in chapter 13 under §1328(a)(4).

On January 31, 2008, Debtor moved to dismiss the adversary proceeding alleging that § 1328(a)(4) was inapplicable because a judgment against Debtor was not obtained before she filed her bankruptcy petition. Neither party briefed the issue of whether §1328(a)(4) applies when a complaint for personal injury has not been reduced to judgment before the debtor files for bankruptcy relief.[2]

**Discussion**

In relevant part, § 1328(a) provides as follows.

[T]he court shall grant the debtor a discharge of all debts provided for by the plan . . . except any debt –

\*\*\*

(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime; or

---

[2]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

2

> (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.[3]

11 U.S.C. § 1328(a)(4). Debtor asserts that the exception to discharge described in § 1328(a)(4) is inapplicable to the case at bar because the statute only applies when a judgment in favor of the creditor has been entered before the petition is filed. Therefore, Debtor argues, even if Buckley is able to obtain a judgment in her favor, the debt will be unsecured and subject to discharge.

The exception to discharge provided under § 1328(a)(4) was added to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 ("BAPCPA"). Only two courts appear to have grappled with the issue of whether a chapter 13 debtor may discharge a disputed debt for willful or malicious personal injury when there has been no pre-petition civil judgment awarding damages. In *In re Byrd*, 2007 WL 670530, *2 (Bankr. C.D. Ill.), the bankruptcy court observed that no courts had addressed the issue, but that two respected bankruptcy commentators "suggested that [because] new section 1328(a)(4) is worded in the past tense . . . only restitution or damages 'awarded' in a civil action against the debtor are potentially non-dischargeable. . . ." *In re Byrd* at *2 (citing 8 *Collier on Bankruptcy* ¶ 1328.02[3][k] (15th ed. rev. 2006) and Keith M. Lundin, 6 *Chapter 13 Bankruptcy* § 554.1 (3d ed. 2000 & supp 2006)). The *Byrd* court stated that its review of the language of § 1328(a)(4) and the statute's "limited legislative history" compelled the conclusion reached by *Collier* and Judge Lundin. *Id.* "[H]ad Congress intended a different meaning, it could easily have worded § 1328(a)(4) to include restitution or damages as being non-

---

[3]Section 1328(a)(4), unlike § 523(a)(6), does not require a finding that an injury was both willful *and* malicious, only that the injury was willful.

dischargeable regardless of the entry of a judgment in a civil proceeding prior to the filing of a Chapter 13 bankruptcy petition." *Id.* Therefore, the *Byrd* court concluded that "[g]iven the plain meaning of § 1328(a)(4), the Court must find that the debt . . . in the instant case is simply a contingent, unliquidated debt that is . . . not subject to exception from discharge." *Id.*

The bankruptcy court in *In re Nuttall*, 2007 WL 128896 (Bankr. D. N.J.) reached the same conclusion, observing "[a]lthough Congress may not have intended for victims of intentional torts to be subject to discharge of their debts where the Debtor beats them in a race to the courthouse, this Court finds that the plain language of the statute requiring that the debt be 'awarded' means that the debt is subject to discharge until there has been a determination of liability, which has not yet occurred in the matter before this Court." *Id.* at *2. "To hold other than to require a determination of liability in order to find the debt non-dischargeable under § 1328(a)(4) would be to render the word "awarded" mere surplusage, which this Court cannot do." *Id.* (citing *Lamie v. U.S. Trustee*, 540 U.S. 526, 533 (2004); *U.S. v. Nordic Village, Inc.*, 503 U.S. 30, 36 (1992)).

    a.    *A plain meaning analysis of §1328(a)(4) supports non-dischargeability of the claim if proven.*

"When the statute's language is plain, the sole function of the court – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Lamie*, 540 U.S. at 533. "In determining the meaning of the statute, we look not only to the particular statutory language but to the design of the statute as a whole and its object and policy." *Grogan v. Garner*, 498 U.S. 279, 288 (1991) (internal citations omitted.) A court need not analyze the term or phrase in isolation, but also should consider the context in which the term or phrase is

used and the broader context of the statute as a whole. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). "A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because only one of the permissible meanings produces a substantive

effect that is compatible with the rest of the law." *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371 (1988) (citing *Sorenson v. Secretary of Treasury,* 475 U.S. 851, 860 (1986)).

Whether Congress intended to distinguish between claims for personal injury that had been reduced to judgment before a petition is filed and claims that are disputed on the date of filing must be considered within the context of § 1328(a) as well as within the Bankruptcy Code as a whole. After analyzing this provision in the context of exceptions to discharge listed in § 1328(a) and the Code as a whole, I must disagree with the interpretation of § 1328(a)(4) that the *Nuttall* and *Byrd* courts find to be plain. *Nuttall* and *Byrd* hold that because Congress used the word "awarded," it must have intended to provide one treatment for a judgment entered before a petition is filed and a different treatment for a claim that is disputed or contingent on the date of the petition. However, I believe this interpretation is erroneous and ignores the grammatical structure of § 1328(a)(4). The use of the word "awarded" must be examined in the context of the entire phrase. "[A]warded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death or an individual" is long and awkward, but its function in the sentence is simple. It is a past participial phrase that serves as an adjective modifying the nouns "restitution" and " damages." A past participle is simply the form of the verb used in the phrase and does not suggest past action.

5

A similar construction is found in the prior paragraph of the section, § 1328(a)(3), which provides that restitution and criminal fines "included in a sentence on the debtor's conviction of a crime" also are not dischargeable. In §1328(a)(3) and (4), the words "included" and "awarded" do not function as past-tense verbs, but are past participles in phrases that define and limit the types of restitution, fines and damages that are non-dischargeable. Restitution and criminal fines are non-dischargeable under § 1328(a)(3) only if they are part of a debtor's sentence. Likewise, restitution and damages are non-dischargeable under § 1328(a)(4) only if they arise from a willful or malicious injury that causes personal injury or death. By reading "awarded" as part of a participial phrase, the word is not rendered mere surplusage, but part of a phrase that describes what types of "restitution" and "damage" awards are protected from discharge.[4]

Unlike § 1328(a)(4), which was only added recently to the Code, § 1328(a)(3), in its present form, has been part of the Code since 1994. Although there are numerous cases construing this provision, I was unable to identify any cases in which restitution or fines in a criminal proceeding were found to be dischargeable because a debtor filed a bankruptcy petition before sentence was imposed. If "awarded" in § 1328(a)(4) requires that a judgment be entered before a petition is filed, the same logic would apply in § 1328(a)(3) when the phrase "included in the debtor's sentence upon conviction of a crime" is considered. If the use of this phrase

---

[4]*See also Martix v. Hadix*, 527 U.S. 343, 353 (1999) (in statutory phrase "action brought by a prisoner" word "brought" "is not a past-tense verb; rather, it is the participle in a participial phrase modifying the noun 'action.'")

6

implies that the sentence must have been imposed before the petition is filed, I find it remarkable that no court has addressed this argument in any reported case in the past 16 years.[5]

Although there are no decisions interpreting the meaning of the word "included" in § 1328(a)(3), at least two courts have addressed similar phrasing in prior versions of § 523(a)(9). In the version of the Code in effect in 1984, § 523(a)(9) provided that a discharge under chapters 7, 11, 12 or 13 "does not discharge an individual debtor from any debt . . . to the extent that such debt arises from a judgment . . . *entered* in a court of record against a debtor wherein liability was . . . a result of the debtor's operation of a motor vehicle while illegally intoxicated . . . ." Bankruptcy Amendments and Federal Judgeship Act of 1984, No. 98-353, Stat. 333, 11 U.S.C. § 523(a)(9) (italics added). Presented with an argument similar to Debtor's in the within matter, the court in *In re Rose*, 86 B.R. 86 (Bankr. E.D. Mich. 1988) held that § 523(a)(9) did not allow a debtor to discharge a liability resulting from injuries he caused when he drove while intoxicated even though the claim had not been reduced to judgment at the time he filed his bankruptcy petition. *Accord In re Tyler*, 98 B.R. 396 (Bankr. N.D. Ill. 1989). The *Rose* court noted that "[m]ost courts which have had the misfortune to confront this issue have held that plaintiffs are entitled to try to obtain a judgment . . . even after the bankruptcy is filed." *In re Rose*, 86 B.R. at 89 (collecting cases). "The intent of Congress seems to us most likely to have been that the *debts*

---

[5]Similar reasoning would apply in cases involving § 523(a)(11) and (13). Section 523(a)(11) protects from discharge any debt "*provided* in any final judgment . . . arising from any act of fraud or defalcation while acting in a fiduciary capacity committed with respect to any depository institution . . . ." I have found no cases where a debt of this kind was found to be dischargeable because no final judgment had been entered at the time of the debtor's bankruptcy petition. Section 523(a)(13) similarly protects debts "for any payment of an order of restitution *issued* under title 18 . . . ." I have found no courts holding that a debtor may discharge a restitution debt under title 18 when a restitution order had not been issued as of the bankruptcy date.

7

*of*, and not merely the *judgments against*, drunk drivers were henceforth to be exempt from discharge in the driver's Chapter 7 bankruptcy." *Id.* at 91 (emphasis in the original). "As written, [§ 523(a)(9)] seems to require that a claim for injuries resulting from a vehicular accident caused by a drunk driver be reduced to a judgment . . . before it could be held non-dischargeable. This has resulted in an unseemly race to court between injured plaintiffs and drunk driver defendants. . . ." *Id.* at 88-89. The Court found that "implementing § 523(a)(9) as written leads to an absurd result." *Id.* at 91.

When § 1328(a)(4) is interpreted within the overall grammatical structure of § 1328(a) it is plain that the statute does not intend to differentiate between a judgment entered before and one entered after a bankruptcy petition is filed. However, if a plain reading required this construction, I would have no difficulty finding that the statute as construed is absurd.

      b.      *The interpretation of §1328(a)(4) advanced by the Nuttall and Byrd courts produces an absurd result.*

It is axiomatic that the plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute "will produce a result demonstrably at odds with the intentions of its drafters," *United States v. Ron Pair Enters.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), "or results in an outcome that can truly be characterized as absurd, *i.e.,* that is 'so gross as to shock the general moral or common sense.'" *Maryland State Dep't of Educ. v. United States Dep't of Veterans Affairs,* 98 F.3d 165, 169 (4th Cir.1996) (quoting *Crooks v. Harrelson,* 282 U.S. 55, 59-60 (1930) ('to justify a departure from the letter of the law . . . the absurdity must be so gross as to shock the general moral or common sense."))

The *Nuttall* court conceded that the plain meaning of § 1328(a)(4), as it construed the provision, effectively pits a tortfeasor against his victim in a race to the courthouse. This result is

8

directly at odds with one of the purposes of bankruptcy – to provide the same treatment to similarly situated creditors.[6] Further, a debtor could easily defeat a creditor's efforts to obtain a non-dischargeable debt by filing a petition immediately before judgment was entered. Only a dilatory defendant who failed to consult bankruptcy counsel before the judgment was entered would find the debt excepted from discharge. A mere threat to file for bankruptcy could be used as a preemptory strike against a claimant that otherwise would hold a non-dischargeable claim.

Historically, the Supreme Court has used various terms to describe the point at which a statute's literal meaning might be subject to judicial interpretation. As indicated above, in 1930 the Supreme Court used the phrase "absurd result" to describe the limits of plain meaning. In *Public Citizen v. U.S. Dept. of Justice*, 491 U.S. 440, 454-55 (1989), the Supreme Court held that "where the literal reading of a statutory term would 'compel an odd result,' we must search for other evidence of congressional intent to lend the term its proper scope." (quoting *Green v. Bock Laundry Machine Co.,* 490 U.S. 504, 509 (1989) (other citations omitted)). "'The circumstances of the enactment of particular legislation,' for example, 'may persuade a court that Congress did not intend words of common meaning to have their literal effect.'" *Public Citizen,* 491 U.S. at 455 quoting *Watt v. Alaska,* 451 U.S. 259, 266, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981). "[I]t is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to

---

[6]The following hypothetical may further illustrate the potential for discriminatory treatment – and an absurd result – under a *Byrd/Nuttall* construction of § 1328(a)(4). An individual fires a gun into a crowd and two people are killed instantly. The estate of one victim quickly files a lawsuit and obtains a default judgment. The estate of the second victim is delayed in the filing of its lawsuit, and does not yet have its judgment on the date that the shooter files a chapter 13 petition. Both estates are identically situated *vis a vis* the malicious or willful injury. *Byrd* and *Nuttall* would find the debt to the first estate non-dischargeable and the debt to second dischargeable.

9

accomplish, whose . . . discovery is the surest guide to their meaning." *Public Citizen,* 491 U.S. at 455 (quoting *Cabell v. Markham,* 148 F.2d 737, 739 (2d Cir.), *aff'd,* 326 U.S. 404 (1945)).

In *Green v. Bock*, the Supreme Court determined that the language of Federal Rule of Evidence 609(a) if construed literally, would deny a civil plaintiff the same right afforded to a civil defendant to impeach the testimony of his opponent. *Green*, 490 U.S. at 510. In his concurrence, Justice Scalia noted that the rule, if interpreted literally, would produce an absurd result. He suggested that the meaning of terms should be determined on the basis of which meaning is "(1) most in accord with the context and ordinary usage, . . . and (2) most compatible with the surrounding body of law into which the provision must be integrated – a compatibility which, by a benign fiction, we assume Congress always has in mind." *Id*. at 528.

In the instant case, a narrow reading of § 1328(a)(4), as advanced by the *Nuttall* and *Byrd* courts, is not in accord with the construction of other exceptions to discharge and is incompatible with the surrounding body of law. In 2005, Congress made several changes to § 1328. All of the amendments conditioned or limited the broad discharge that previously was available to chapter 13 debtors. Section 1328(a)(2) incorporates additional exceptions to discharge that previously were applicable only to chapter 7 debtors: §1328(f) limits the availability of a discharge if a debtor has obtained a discharge in a prior case within four years; §1328(g) prohibits entry of a discharge unless a debtor either has completed a financial management course or received a waiver from the course; and §1328(h) bars a debtor from obtaining a discharge if he is subject to the provisions of § 522(q)(1). More specifically, in §1328(a)(4) Congress declared that debts that arising from certain willful and malicious acts that cause death or personal injury should be excepted from discharge – just as it determined in 1994 that criminal fines should not be

discharged. There is no reason to assume that Congress intended to differentiate between creditors who were able to obtain a judgment against a debtor before the bankruptcy filing and those that were stymied in their efforts to obtain redress for their injuries by the invocation of the automatic stay. Congress was concerned that debtors who committed certain wrongful acts not escape financial responsibility for those acts. Accordingly, if §1328(a)(4) is interpreted as discriminating between creditors who have obtained a judgment before a petition is filed and those who have not, the provision is absurd and cannot be construed literally.

Under either analysis, I conclude that a debt for a willful or malicious injury that results in a personal injury or death to an individual is a non-dischargeable debt in a chapter 13 case. Therefore, the motion to dismiss Buckley's Complaint under 11 U.S.C. § 1328(a)(4) will be denied.

By the Court,

Mary D. France
Bankruptcy Judge

Date: June 2, 2008

*This document is electronically signed and filed on the same date.*

11